UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAMONT ROBERTS,

            Plaintiff,

vs.

WASHOE COUNTY SHERIFF'S DETENTION FACILITY, et al.,

            Defendants.

Case No. 3:24-cv-39-ART-CSD

ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE IN PART (ECF No. 25)

      Plaintiff Lamont Roberts brings this action under 42 U.S.C. § 1983, alleging that a Defendant named Airan, an anonymous Washoe County Detention Facility ("WCDF") warden, and an anonymous doctor provided him with inadequate medical care in violation of his Fourteenth Amendment rights. (ECF Nos. 16, 17.) Mr. Roberts has filed a second amended complaint ("SAC") with additional claims against the WCDF Culinary Director and Naphcare Director. (ECF No. 19.) Mr. Roberts also filed a new application to proceed *in forma pauperis* ("IFP application") (ECF No. 24.) Magistrate Judge Denney recommends granting Mr. Roberts' IFP application and dismissing the SAC with prejudice. (ECF No. 25.) Mr. Roberts' deadline to object to Judge Denney's Report and Recommendation ("R&R") was October 7, 2025. The deadline has now passed, and Mr. Roberts has not submitted an objection. The Court now adopts Judge Denney's R&R in part.

**DISCUSSION**

      Magistrate judges may issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1)(C). Where, as here, neither party objects to a magistrate judge's recommendation, the district court is not required to perform any review of that judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court may still review the R&R if it chooses, as no rule "preclude[s] further

1

1  review by the district judge, *sua sponte* or at the request of a party, under a *de*
2  *novo* or any other standard." *Id.* at 154 (1985).

3  The Court adopts Judge Denney's recommendation to grant Mr. Roberts
4  permission to proceed *in forma pauperis*. Judge Denney found that Mr. Roberts
5  has submitted an IFP application showing that he is unable to pay the filing fee.
6  28 U.S.C. § 1915(a)(1); LSR 1-1.

7  The Court also adopts Judge Denney's recommendation to dismiss Mr.
8  Roberts' SAC on the basis that it does not contain enough facts to state a
9  plausible claim for relief. All plaintiffs must support their complaints with facts
10 that are sufficient to state a plausible claim for relief on their face. *Blacher v.*
11 *Dieball*, 700 F. App'x 744, 745 (9th Cir. 2017). Although *pro se* pleadings are
12 construed generously, especially in civil rights cases, the Court cannot supply
13 essential elements of the claim that were not initially pled. *Hebbe v. Pliler*, 627
14 F.3d 338, 341-42 (9th Cir. 2010); *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir.
15 2014). Mr. Roberts' SAC appears to allege claims against the Culinary Director
16 and the Director of Naphcare on theories of supervisory liability. As explained
17 more fully below, his SAC is deficient because it does not allege facts sufficient to
18 show that his claims of supervisory liability are plausible. (ECF No. 25.)

19 The Court declines to adopt Judge Denney's recommendation that Mr.
20 Roberts' SAC be dismissed with prejudice. (ECF No. 25.) Leave to amend may be
21 denied if it is impossible for the party to fix the problem with their pleading by
22 bringing more facts, or if the party has repeatedly failed to solve a previously
23 identified problem. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir.
24 2008). Mr. Robert's proposed SAC does contain sufficient facts to suggest that
25 future amendment may not be futile. Mr. Roberts pleads that other inmates have
26 also suffered injuries, which, if true, would be consistent with a systemic issue
27 for which a supervisor may be held responsible. While it is true Mr. Roberts has
28 already been granted two opportunities to fix the issue of insufficient pleading

against the Naphcare Director and the Culinary Director (ECF Nos. 11 and 17), Mr. Roberts is also proceeding *pro se,* without professional guidance on plausible pleading. The Court exercises its discretion to allow Mr. Roberts to amend his claim.

To plausibly state that a supervisor is liable for acquiescing to their employees' constitutional violations, a plaintiff's complaint should allege facts showing that the supervisor (1) personally knew of their employees' actions and (2) failed to remediate them. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see, e.g. Est. of Wilson by & through Jackson v. Cnty. of San Diego,* No. 20-CV-0457-BAS-DEB, 2022 WL 789127, at *18 (S.D. Cal. Mar. 14, 2022). In his SAC, Mr. Roberts alleges that the Naphcare Director knew that his policies were deficient and needed to be changed because other inmates had filed Section 1983 claims for insufficient medical care. To plausibly allege that the Naphcare Director knew of his employees' wrongful actions and failed to correct them, Mr. Roberts may allege facts showing what the other inmates' Section 1983 claims were about, who they were against, whether any prevailed, whether they related to the same policy deficiency, whether there might have been other kinds of complaints or reports about the policy deficiency, or what the policy deficiency is.

Mr. Roberts also alleges that because other inmates had reported injuries before, the Culinary Director must have known of the need to improve safety policies and decided not to do so. To meet the plausible pleading standard in his claim against the Culinary Director, Mr. Roberts could have explained what injuries the other inmates suffered, where or how the injuries happened, who received reports of the injuries, how that information could have gotten or did get to the Culinary Director, and how the injuries are related to a deficient policy or lack of policy.

These are merely examples of the kinds of facts that could make Mr.

Roberts's claim plausible. Because Mr. Roberts' SAC did not contain the kind of facts that would make his claims plausible from on the face of the complaint, the Court adopts Judge Denney's recommendation to dismiss but grants him leave to amend.

If Mr. Roberts does not elect to file a properly pleaded Third Amended Complaint (TAC), he may proceed on the FAC. Normally, when an amended complaint is dismissed, there is no complaint left with which to proceed. An amended complaint is meant to be complete and to replace any prior complaints. (LR 15-1.) However, Mr. Robert's SAC does not replace his FAC. It "does not include the allegations from the FAC regarding the underlying alleged Fourteenth Amendment inadequate medical care claim against Airan, the Doe Warden, or Dr. Doe at WCDF." (ECF No. 25.) This Court therefore adopts Judge Denney's conclusion that this omission was presumably "an oversight and that Plaintiff did not intend to abandon the claims against these defendants." (*Id.*) Mr. Roberts may still proceed on the FAC by notifying the Court of his intent do to so by January 2, 2026.

**CONCLUSION**

Judge Denney's Report and Recommendation (ECF No. 25) is therefore ADOPTED IN PART.

Mr. Roberts's application to proceed *in forma pauperis* (ECF No. 24) is GRANTED.

Mr. Roberts's Second Amended Complaint (ECF No. 19) is DISMISSED WITHOUT PREJUDICE and with leave to amend.

By January 2, 2026, Mr. Roberts must either (1) file a Third Amended Complaint ("TAC") that cures the deficiencies described in this order, or (2) file a statement that he would rather proceed on the First Amended Complaint. Failure to file that election before January 2, 2026 could be grounds for dismissal. Fed. R. Civ. P. 42(b).

Dated this 1st day of December, 2025.

 *Anne R. Traum*
_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE